Laurie Dahl Rea
State Bar No. 00796150
ROCHELLE McCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: (817) 347-5260
Facsimile: (817) 347-5269
laurie.rea@romclaw.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 CASES |
| ADEPTUS HEALTH LLC, *et al.* | § § | CASE NO. 20-33071-swe-7 |
| Debtors. | § § | (Jointly Administered) |

## MOTION TO APPROVE SALE OF CERTAIN ASSETS OF THE DEBTORS' CONSOLIDATED ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES (REMNANT ASSETS SALE)

**HEARING DATE ON SUCH SALE IS SET FOR NOVEMBER 9, 2023 at 9:30 A.M., WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242 AT LEAST 4 DAYS IN ADVANCE OF SUCH HEARING DATE.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE UNDERSIGNED COUNSEL FOR APPLICANT PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

Daniel J. Sherman, chapter 7 trustee (the "Trustee") for Adeptus Health, LLC and the sixty-one related, jointly administered, and substantively consolidated Debtors (the "Debtors"), requests approval to sell certain assets of the consolidated bankruptcy estates (the "Estate") to SLFAQ, LLC (the "Purchaser") free and clear of liens, claims, interests, and encumbrances ("Motion").  In support of the Motion, the Trustee respectfully states as follows:

## Summary

1.      The Trustee seeks permission to sell the Estate's remnant assets to the Purchaser for $8,000.00, subject to higher/better offers.

## Jurisdiction

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

4.      The Debtors were formerly in the business of providing healthcare services to patients through a large network of free-standing emergency rooms throughout Texas, Arizona, and Colorado.  In 2019, the Debtors began closing emergency room sites.  As of August 31, 2020, the Debtors had closed all emergency room sites.

5.      On December 18, 2020, each of the Debtors filed their voluntary chapter 7 petitions. The Trustee was appointed as the chapter 7 trustee in each of the bankruptcy cases. On January 21, 2021, the Court approved joint administration of these cases under the lead case name and

number in the caption of this pleading. On August 20, 2021, the Court entered an order substantively consolidating the Debtors for purposes of claims and distributions.

6.    Since being appointed, the Trustee has administered the Estate for the benefit of creditors in accordance with the Trustee's power and duties.  The Trustee is now in the process of winding down the administration of this case.  To that end, the Trustee seeks to maximize the value of the Estate's remaining assets.  The Trustee has sold or transferred all known assets of the Estate.

7.    The Trustee has determined that there might exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets").  Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

8.    The Remnant Assets ***do not include*** the following: (a) cash held in the Trustee's fiduciary bank account for the Debtors' cases; (b) any returned or undeliverable creditor claim distribution checks that require administration; (c) any class action lawsuits associated with Adeptus Health, LLC or the Debtors;  (d) any and all Goods[1] (e.g., office furniture) of the Debtors; (e) any self-pay patient accounts receivable; (f) medical records; and (g) the books and records used by the Debtors in the ordinary course of business.

9.    The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, and certainly none that could return value to the Estate greater than the $8,000.00 purchase price. Accordingly, the Trustee has determined that the cost of pursuing the

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

Remnant Assets will likely exceed the benefit that the Estate would possibly receive from the Remnant Assets.

10.    Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burden associated with reopening cases for later-discovered assets. Such sales provide a prudent way to administer all assets of a debtor's estate fully and finally.

11.    The Trustee and the Purchaser have negotiated an asset purchase agreement (the "Agreement") for the sale of the Remnant Assets, substantially in the form attached hereto as **Exhibit 1**.

12.    The Agreement generally provides for a purchase price of $8,000.00 ("Purchase Price") for all Remnant Assets to be paid by the Purchaser to the Trustee for the benefit of the Estate.

13.    The negotiations were conducted at arm's length and in good faith.  The Trustee has no connection to the Purchaser and is unaware of any relationship between the Purchaser and the Debtors, the Debtors' principals, or their agents.  Further, there is no evidence of bad faith or a lack of good faith.

14.    In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely

exceed the benefit that the Estate would possibly receive.

15.     The Trustee believes that the only creditor who may have a security interest in the Remnant Assets is Deerfield Partners, L.P., Deerfield International Master Fund, L.P., and Deerfield Private Design Fund IV, L.P. as lenders (collectively, "<u>Deerfield</u>").  The Trustee has conferred with Deerfield, and it does not object to this Motion.

## **Bidding Procedures**

16.     The notice provided herein ("<u>Notice</u>") establishes a deadline by which objections or responses to this Motion must be filed with the Court ("<u>Response Deadline</u>").

17.     The Trustee is prepared to consummate the sale of the Remnant Assets to the Purchaser pursuant to the terms set forth herein and in the Agreement.  Notwithstanding, in the event a party other than the Purchaser (each, a "<u>Competing Bidder</u>") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the Trustee's application of the overbid procedures set forth below (collectively, "<u>Bidding Procedures</u>"), the practicality and efficiency of which serve the best interests of the Estate and creditors:

    a.  Each Competing Bidder who wants to participate in the overbid process must file a notice of overbid with the Court and serve such filing on the Trustee and the Purchaser in accordance with the Notice on or before the Response Deadline;

    b.  The first overbid by a Competing Bidder for the Remnant Assets must be at least $2,000.00 more than the Purchase Price, or a total of $10,000.00;

    c.  each Competing Bidder must also submit a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid at the time such overbid is filed;

    d.  any Competing Bidder for the Remnant Assets must purchase the Remnant Assets under the same terms and conditions set forth in the Agreement, other than the Purchase Price;

    e.  in the event the Trustee receives an overbid that meets the foregoing conditions, the Trustee will notify the Purchaser and any Competing Bidders of the date and

time by which each party may submit by email its respective best and final offer
for the Remnant Assets;

f.   within 1 business day of receiving the best and final offers, the Trustee will notify
the Purchaser and any Competing Bidders of the winning bid; and

g.   at the hearing on the Motion, the Trustee will request that the Court approve the
winning bidder as the Purchaser.

**Requested Relief**

18.   By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105
and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the
Remnant Assets free and clear of all liens, claims, interests, and encumbrances; (b) approving the
terms of the Agreement; (c) finding that the Purchaser is acting in good faith; (d) waiving the 14-
day stay of this order; and (e) approving the Bidding Procedures.

**Authority for Requested Relief**

*General Sale Standard*

19.   Section 363(b)(1) permits the trustee to use, sell or lease property of the estate other
than in the ordinary course of business if doing so is an exercise of good business judgment.[2]   The
Fifth Circuit, in construing this provision, has required that the decision to sell be based upon
sound business judgment.[3]   A showing that a sound business justification exists need not be
exhaustive, but the trustee is simply "required to justify the proposed disposition with sound
business reasons."[4]   Approval of a sale is appropriate if the trustee can demonstrate "some

---

[2] *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

[3] *Id.* at 1226-27 (5th Cir. 1986) (stating that the decision to authorize a sale of a debtor's assets outside of the
ordinary course of business is a determination based upon the debtor's business justification); *In re Braniff Airways,
Inc.*, 700 F.2d 935 (5th Cir. 1983).

[4] *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984); *see also Continental Air Lines, Inc.*, 780
F.2d at 1226.

articulated business justification for using, selling, or leasing the property . . . ."[5]  In this case, the

Trustee is an experienced, independent, and objective fiduciary who has made the decision to file

this Motion based on his experience.  The Trustee's business judgment is, therefore, entitled to

significant weight and deference.[6]

20.     The Trustee submits that the sale of the Remnant Assets pursuant to the Agreement

represents a prudent and proper exercise of the Trustee's business judgment under the

circumstances and is in the best interests of creditors of the Estate.  Specifically, the Agreement

was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price

is reasonable and represents fair value.  The Trustee is not aware of any future assets or claims

that may be liquidated, obtained, or otherwise administered, and absent the sale to the Purchaser,

the Estate would not realize any benefit from the Remnant Assets.  Therefore, the Trustee

respectfully requests that the Court approve the sale of the Remnant Assets to the Purchaser.

### *Good Faith Finding*

21.     The Trustee seeks a finding in the sale order that the Purchaser or any other buyer

is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code,

which states:

> The reversal or modification on appeal of an authorization under subsection
> (b) or (c) of this section of a sale or lease of property does not affect the
> validity of a sale or lease under such authorization to an entity that
> purchased or leased such property in good faith, whether or not such entity
> knew of the pendency of the appeal, unless such authorization and such sale
> or lease were stayed pending appeal.

---

[5] *Continental Air Lines, Inc.*, 780 F.2d at 1226.

[6] *In re TECNET, Inc.*, 2006 Bankr. LEXIS 4572 at *5 (Bankr. N.D. Tex. June 2, 2006); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Building Group, Ltd.),* 331 B.R. 251, 254 (N.D. Tex. 2005).

22.    The Bankruptcy Code does not define "good faith" for purposes of section 363(m), but one court has described the good faith requirement as follows:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.[7]

23.    The Agreement is a product of good faith, arm's-length negotiations between the Trustee and the Purchaser, who is not an insider of the Debtor. The Trustee and the Purchaser have acted in good faith in this sale process. The Agreement has been proposed to maximize the value of the Property for the benefit of all parties in interest, and not to hinder, delay, or defraud any creditor of the Debtors. The consideration to be paid under the Agreement represents a fair and adequate price to be paid for the Property. Therefore, the Purchaser qualifies as a good faith purchaser entitled to the full protection afforded under section 363(m) of the Bankruptcy Code.

*Sale Free and Clear*

24.    Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of any other entity's interest in such property if: (1) applicable nonbankruptcy law permits such a sale free and clear of the entity's interest; (2) such entity consents; (3) the sale price is greater than the aggregate value of all liens and other interests in the property; (4) the interest is in bona fide dispute; or (5) if such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Because section 363(f) is stated in the disjunctive, satisfaction of any of the enumerated requirements will suffice to warrant a sale of assets free and

---

[7] *In re Abbotts Dairies*, 788 F.2d 142, 147 (3d Cir. 1986) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)); *accord In re Miami Gen. Hosp., Inc.*, 81 B.R. 682, 688 (S.D. Fla. 1988).

clear of liens, claims, encumbrances, and other interests.  Consequently, when proceeding pursuant

to section 363(b), it is only necessary to meet one of the five conditions of section 363(f).  To the

extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that

one or more of the section 363(f) conditions have been satisfied.

***Bidding Procedures***

25.    The Trustee's proposed Bidding Procedures are appropriate and should be

approved by the Court provided that a Competing Bidder submits an overbid to purchase the

Remnant Assets.   The Bidding Procedures not only provide parties sufficient notice for

participation, but also permit the Trustee to apply a fair, practical, and efficient means to receive

and evaluate overbids for the Remnant Assets.  The Purchaser has expended, and will continue to

expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as

proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

***Waiver of Stay of Order***

26.    To successfully implement the Agreement, the Trustee also seeks a waiver of the

fourteen-day stay under Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of

the Remnant Assets pursuant to the terms of the Agreement, waiving the fourteen-day stay under

Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and

proper.

Dated:   October 12, 2023                    Respectfully submitted,

                                             */s/ Laurie Dahl Rea*
                                             Laurie Dahl Rea
                                             State Bar No. 00796150
                                             ROCHELLE McCULLOUGH, LLP
                                             300 Throckmorton Street, Suite 520
                                             Fort Worth, Texas 76102
                                             Telephone: (817) 347-5260
                                             laurie.rea@romclaw.com

                                             COUNSEL FOR THE CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the above and foregoing document was served via ECF Electronic Notice, where available, or via first class mail on the parties listed on the attached service list on October 12, 2023. To save mailing costs, the service list is not included in the served copies. Counsel will provide copies on request. On the same date, the undersigned caused a copy of this Motion to be emailed to:

        Counsel for the UST at: Meredyth.Kippes@usdoj.gov

        Counsel for Deerfield at: peter.siddiqui@katten.com

        Representative of SLFAQ, LLC at: denise@slfaqllc.com

                                              /s/ Laurie Dahl Rea
                                             Laurie Dahl Rea