# EXHIBIT 1

# ASSET PURCHASE
# AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of October$^{11}$, 2023, is by and between Daniel J. Sherman, not individually, but solely as Chapter 7 Trustee ("Trustee" or "Seller") for the consolidated bankruptcy estates ("Estate") of Adeptus Health, LLC et al., ("Debtors")[1] Case No. 20-33071-swe-7 and SLFAQ, LLC ("Purchaser").

WHEREAS, on or about December 18, 2020, the Debtors filed voluntary petitions under Chapter 7 for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Texas Northern assigned Case No. 20-33071-swe-7 and whereas on December 18, 2020, Daniel J. Sherman was appointed Chapter 7 Trustee.

WHEREAS, on August 20, 2021, the Court entered an order substantively consolidating the Debtors for purposes of claims and distributions.

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there is and may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

WHEREAS, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtors' cases; (b) any returned or undeliverable creditor claim distribution checks that require administration; (c) any class action lawsuits associated with Adeptus Health, LLC or the Debtors; (d) any and all Goods[2] (e.g., office furniture) of the Debtors; (e) any self-pay patient accounts receivable; (f) medical records; and (g) the books and records used by the Debtors in the ordinary course of business.

WHEREAS, subject to Bankruptcy Court approval, Seller has the power and authority to sell and assign all right, title, and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Eight Thousand dollars ($8,000) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Bankruptcy Court approving this Agreement. Subject to Bankruptcy Court Approval, the Seller agrees that if he sells the Remnant Assets to a buyer other than SLFAQ, LLC, SLFAQ, LLC shall receive a breakup fee of $800 from the Seller.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the

---

[1] The names of all Debtors are listed on **Exhibit A**.

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Bankruptcy Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets and Real Estate.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser, with Bankruptcy Court approval, Seller has full lawful right, title, power, and authority to enter into this Agreement and to convey Seller's interest in the Remnant Assets to Purchaser as is set forth in this Agreement.

6. **EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED, OR IMPOSED BY LAW.**

7. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

8. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

9. **Documents of Assignment.** The Seller will execute and deliver to the Purchaser a limited power of attorney and/or bill of sale to evidence and effectuate the transfer of the Remnant Assets. If the Purchaser needs the Seller to execute additional documents to evidence and effectuate the transfer contemplated by this Agreement before the Debtors' cases are closed, the Seller will seek Bankruptcy Court approval to execute such documents. Once the Debtors' cases are closed, the Seller cannot execute additional documents.

10. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this

2

Agreement.

11. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

12. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas.

14. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**SLFAQ LLC.**

By: _____
Name: Joseph E. Sarachek
Its: President

Address: 670 White Plains Rd., Penthouse, Scarsdale, N.Y. 10583

**Adeptus Health, LLC** (and the Debtors listed on **Exhibit A**)

By: _____
Name: Daniel J. Sherman
Its: Chapter 7 Trustee

Address: 509 N. Montclair Avenue, Dallas, TX 75208

3

## Exhibit A

1. Adeptus Health LLC
2. ADPT-Houston RE Holdings LLC
3. FCER Management LLC
4. First Choice ER LLC
5. First Texas Hospital Carrollton LLC
6. First Texas Hospital Cy-Fair LLC
7. Lakewood Forest Medical Center LLC
8. National Medical Professionals of Arizona LLC
9. National Medical Professionals of Texas LLC
10. Potranco Medical Center LLC
11. SSH Medical Center LLC
12. Little Road Medical Center LLC
13. Briar Forest-Eldridge Medical Center LLC
14. Cedar Hill Medical Center LLC
15. Frisco Preston Medical Center LLC
16. Gleannloch Farms Medical Center LLC
17. Pearland Sunrise Medical Center LLC
18. Katy ER Center LLC
19. Sienna Plantation Medical Center LLC
20. Houston 9520 Jones Medical Center LLC
21. AJNH Medical Center LLC
22. Kuykendahl Medical Center LLC
23. Eagles Nest Medical Center LLC
24. Center Street DP Medical Center LLC
25. Rosenberg Medical Center LLC
26. Conroe Medical Center LLC
27. Highland Village Medical Center LLC
28. Frisco DNT Eldorado Medical Center LLC
29. Cinco Ranch Medical Center LLC
30. Northwest Harris County Medical Center LLC
31. Creekside Forest Medical Center LLC
32. Custer Bridges Medical Center LLC
33. WCB Medical Center LLC
34. Samuel Farm Medical Center LLC
35. FM Crossing Medical Center LLC
36. Garland Shiloh Medical Center LLC
37. Mansfield Walnut Creek Medical Center LLC
38. Little Elm FM 423 Medical Center LLC
39. North Dallas Tollway Medical Center LLC
40. Lewisville Medical Center LLC
41. San Antonio Nacogdoches Medical Center LLC
42. WC Medical Center LLC
43. Matlock Medical Center LLC
44. Summerwood Medical Center LLC
45. Haslet Medical Center LLC

4

46. McKinney 5000 El Dorado Medical Center LLC
47. Kingwood Medical Center LLC
48. Helotes Medical Center LLC
49. Desoto Beltline Medical Center LLC
50. Hickory Creek Medical Center LLC
51. Sterling Ridge Medical Center LLC
52. Friendswood Medical Center LLC
53. NRH Medical Center LLC
54. Lake Highlands Medical Center LLC
55. Medical Center of Spring Rayford Richards LLC
56. Mesquite Town East Medical Center LLC
57. ADPT-DFW RE Holdings LLC
58. National Medical Professionals of Greater Texas LLC
59. National Medical Professionals of Houston LLC
60. National Medical Professionals Specialists LLC
61. ECC Management LLC
62. OpFree RE Investments Ltd.